FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 28, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KRISTIN H., | No. 4:22-CV-5078-RHW |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 14. Attorney Chad Hatfield represents Kristin H. (Plaintiff); Special Assistant United States Attorney Jeffrey E. Staples represents the Commissioner of Social Security (Defendant). This matter was referred to the undersigned magistrate judge for issuance of a report and recommendation. ECF No. 17. After reviewing the administrative record and the briefs filed by the parties, the Court **RECOMMENDS** Plaintiff's Motion for Summary Judgment be granted and Defendant's Motion for Summary Judgment be denied.

### I.     JURISDICTION

Plaintiff filed claims for benefits on September 5, 2018, alleging disability beginning September 5, 2018. The claims were denied initially and upon reconsideration. Administrative Law Judge (ALJ) Lori L. Freund held a hearing on May 21, 2021, and issued an unfavorable decision on June 29, 2021. Tr. 15-26.

REPORT AND RECOMMENDATION . . . - 1

The Appeals Council denied review on April 27, 2022. Tr. 1-6. Plaintiff appealed this final decision of the Commissioner on June 23, 2022. ECF No. 1.

## II.   STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## III.   SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through

four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work and (2) the claimant can perform other work that exists in significant numbers in the national economy. *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## IV.    ADMINISTRATIVE FINDINGS

On June 29, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 5, 2018, the alleged onset date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: thoracic scoliosis; mood disorder; attention deficit hyperactivity disorder (ADHD); and post-traumatic stress disorder (PTSD). Tr. 17

At step three, the ALJ found these impairments did not meet or equal the requirements of a listed impairment. Tr. 18.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and determined Plaintiff could perform sedentary work, except that she can frequently operate foot controls bilaterally, subject to the following limitations: she can never climb ladders, ropes, or scaffolds and occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl and occasionally reach overhead, bilaterally; must avoid all exposure to unprotected heights, hazardous machinery, and excessive industrial vibration; must avoid even moderate exposure to extreme temperatures (heat and cold) and excessive humidity; and can perform

simple and repetitive tasks with only occasional changes in the work setting and should avoid any fast-paced or timed production work (such as fast-paced assembly work). Tr. 20.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 25.

At step five, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. 25.

The ALJ thus concluded Plaintiff has not been disabled from the alleged onset date. Tr. 26.

## V. ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff raises the following issues for review: (A) whether the ALJ properly evaluated the medical opinion evidence; and (B) whether the ALJ properly evaluated Plaintiff's subjective complaints; (C) whether the ALJ erred by rejecting lay witness testimony; and (D) whether the ALJ erred at step five. ECF No. 13 at 7.

## VI. DISCUSSION

**A.    Medical Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff contends the ALJ misevaluated the opinions of Marissa Parsons, PAC, and Diane Hanks, FNP. ECF No. 13 at 9. Because the ALJ discounted these opinions on the same grounds, the Court collectively discusses the ALJ's treatment of them.

REPORT AND RECOMMENDATION . . . - 4

1    PAC Parsons, who began treating Plaintiff in September 2015, opined in September 2018 that Plaintiff, among other things, would miss at least four days of work per month and would be off-task at least 30% of the time if attempting to work a 40-hour workweek. Tr. 808. FNP Hanks endorsed these same limitations – and opined on others – in June 2020. Tr. 843. The ALJ found these opinions unpersuasive. Tr. 24.

The ALJ first discounted the opinions as unsupported "by explanation, treatment records, or the longitudinal records from other treating providers." Tr. 24. Substantial evidence does not support this finding. As to "explanation" and "treatment records," the record contains numerous treatment notes documenting Plaintiff's encounters with both clinicians. *See, e.g.*, Tr. 338-39 (July 30, 2018, treatment note by PAC Parsons indicating "passive **suicidal** thoughts without a plan" and PHQ-9 score of 20, reflecting severe depression) (emphasis in original); Tr. 809 (November 11, 2019, treatment note by FNP Hanks indicating an increase in PHQ-9 score from 11 to 16, indicating moderately severe depression; and a GAD-7 score of 14, indicating moderate anxiety). To the extent the ALJ found the opinions as inconsistent with the "longitudinal record from other treating providers," an ALJ's rejection of opinions on the ground that they are contrary to unspecified evidence in the record is "broad and vague" and fails "to specify why the ALJ felt the [clinician's] opinion was flawed." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (rather than merely stating their conclusions, ALJs "must set forth [their] own interpretations and explain why they, rather than the doctors', are correct") (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th. Cir. 1988)). It is not the job of the reviewing court to comb the administrative record to find specific conflicts. *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). The ALJ accordingly erred by discounting the opinions on this ground.

The ALJ next discounted the opinions as inconsistent with mental examination findings, which, the ALJ noted, were "within normal limits." Tr. 24. Substantial evidence does not support this ground. Plaintiff's performance on mental status examinations – conducted in a close and sterile setting with a medical professional – is not reasonably inconsistent with the clinicians' opined limitations concerning, among other things, Plaintiff's absenteeism. Further, the ALJ "'cannot simply pick out a few isolated instances'" of medical health that support her conclusion, but must consider those instances in the broader context "'with an understanding of the patient's overall well-being and the nature of her symptoms.'" *Attmore v. Colvin*, 827 F.3d 872, 877 (9th Cir. 2016) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)). The ALJ accordingly erred by discounting the opinions on this ground.

Third, the ALJ discounted the opinions as inconsistent with Plaintiff's activities, "such as independently caring for four minor children, driving a motor vehicle, going on vacations, cooking, cleaning, and shopping in stores." Tr. 24. Plaintiff's activities are neither inconsistent with nor a valid reason to discount the doctor's opinion. *See Diedrich v. Berryhill*, 874 F.3d 634, 643 (9th Cir. 2017) ("House chores, cooking simple meals, self-grooming, paying bills, writing checks, and caring for a cat in one's own home, as well as occasional shopping outside the home, are not similar to typical work responsibilities."); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)); *Reddick*, 157 F.3d at 722 ("Several courts, including this one, have recognized that disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."); *Cooper v. Bowen*, 815 F.2d

REPORT AND RECOMMENDATION . . . - 6

557, 561 (9th Cir. 1987) (noting that a disability claimant need not "vegetate in a dark room" in order to be deemed eligible for benefits). Similarly, Plaintiff's activities do not "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ accordingly erred by discounting the opinions on this ground.

      Finally, the ALJ discounted the opinions as inconsistent with Plaintiff's treatment history, which, the ALJ noted, "has been conservative and limited to counseling and medication management." Tr. 24. This is not a reasonable inconsistency. Neither clinician suggested Plaintiff was a candidate for more aggressive treatment. The ALJ appeared to suggest only the receipt of "emergency or inpatient treatment" would be consistent with the clinicians' assessment of Plaintiff's mental health. Tr. 25. In so doing, the ALJ impermissibly played doctor. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975) (recognizing that an ALJ is "not qualified as a medical expert"); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("[J]udges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. . . . The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong.") (internal citations omitted). The ALJ accordingly erred by discounting the opinions on this ground.

      The ALJ accordingly erred by discounting both opinions.

**B.    Plaintiff's Testimony**

      Plaintiff contends the ALJ erred by not properly assessing Plaintiff's symptom complaints. ECF No. 13 at 16-20. Where, as here, the ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to

symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The Court concludes the ALJ failed to offer clear and convincing reasons to discount Plaintiff's testimony.

The ALJ first discounted Plaintiff's testimony as inconsistent with the medical evidence. Tr. 1550-52. However, because the ALJ erred by discounting the opinions of PAC Parsons and FNP Hanks, and necessarily failed to properly evaluate the medical evidence, as discussed above, this is not a valid ground to discount Plaintiff's testimony.

Second, the ALJ discounted Plaintiff's testimony as inconsistent with Plaintiff's improvement with treatment. Tr. 22. In support, the ALJ indicated medication helped relieve both back pain and anxiety symptoms. Tr. 22. In light of Plaintiff's broader constellation of impairments – *i.e.*, mood disorder, ADHD, and PTSD – this finding is insufficient to meaningfully undermine Plaintiff's allegations concerning her mental impairments. *See Attmore*, 827 F.3d at 877. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Third, the ALJ discounted Plaintiff's testimony as inconsistent with her activities. Tr. 22. However, as discussed above, the activities the ALJ cites do not sufficiently undermine Plaintiff's claims. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

Finally, the ALJ discounted Plaintiff's testimony as inconsistent with her "conservative treatment" that has been "limited to medication management and counseling." Tr. 22. However, as discussed above, this is not a reasonable inconsistency. The ALJ accordingly erred by discounting Plaintiff's testimony on this ground.

The ALJ accordingly erred by discounting Plaintiff's testimony.

//

//

### C. Lay Witness Testimony

Plaintiff's "lay counselor," mother, and sister offered statements in support of Plaintiff's application. *See* Tr. 982, 269-71. The ALJ declined to weigh these statements on the ground they "are not considered medical source statements." Tr. 24. Plaintiff contends this was error, averring the ALJ failed to provide "germane reasons" specific to each lay witness. ECF No. 13 at 16. The Ninth Circuit has indicated "[i]t is an open question whether ALJs are still required to consider lay witness evidence under the revised regulations, although it is clear they are no longer required to articulate it in their decisions." *Fryer v. Kijakazi*, No. 21-36004, 2022 WL 17958630, at *3 (9th Cir. Dec. 27, 2022) (mem.) (citing *Johnson v. Kijakazi*, No. 21-35755, 2022 WL 3998572, at *2 (9th Cir. Sept. 1, 2022) (mem.)). The Commissioner argues that, regardless of the applicable standard governing the evaluation of lay testimony, the ALJ's treatment of the lay testimony here was ultimately harmless because "the ALJ's reasons for rejecting the claimant's testimony apply equally well to the nonmedical source statements." ECF No. 14 at 10 (citation omitted); *see Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). The Commissioner's argument fails, however, because the ALJ did not provide valid reasons supported by substantial evidence to discount Plaintiff's testimony, as discussed above.

The ALJ accordingly erred by discounting the lay witness testimony.

### VII. CONCLUSION

This case must be remanded because the ALJ harmfully misevaluated the medical evidence and Plaintiff's testimony. Plaintiff contends the Court should remand for an immediate award of benefits. Such a remand should be granted only in a rare case and this is not such a case. The medical opinions and Plaintiff's testimony must be reweighed and this is a function the Court cannot perform in the first instance on appeal. Further proceedings are thus not only helpful but necessary. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (noting

a remand for an immediate award of benefits is an "extreme remedy," appropriate "only in 'rare circumstances'") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)). The Court thus respectfully recommends remanding this matter for further proceedings under sentence four of 42 U.S.C. § 405(g).

Because the ALJ misevaluated the medical evidence, Plaintiff's testimony, the ALJ will necessarily need to determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's remaining assignment of error concerning the ALJ's step five finding. *See PDK Labs. Inc. v. DEA,* 362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

On remand, the ALJ shall reevaluate the opinions of PAC Parsons and FNP Hanks, reassess Plaintiff's testimony and the lay testimony, develop the record and redetermine the RFC as needed, and proceed to the remaining steps as appropriate.

Accordingly, **IT IS HEREBY RECOMMENDED** that Plaintiff's Motion for Summary Judgment, **ECF No. 13**, be **GRANTED**; Defendant's Motion for Summary Judgment, **ECF No. 14**, be **DENIED**; and the District Court Executive enter **Judgment for PLAINTIFF and CLOSE the file**.

## VIII. OBJECTIONS

Any party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within fourteen (14) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(d), which adds additional time after certain kinds of service.

A district judge will make a *de novo* determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(3); Local Magistrate Judge Rules for the Eastern District of Washington Rule 2.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel.

DATED August 28, 2023.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE